REDMANN, Judge.
Plaintiff-appellant argues that a Mississippi death certificate and coroner’s jury verdict are admissible to prove that her husband died by accident from “anoxia, induced by valium, librax and alcohol.” Then, because indulgence in alcohol arose out of and in the course of his employment to generate good will and develop business at the convention at which he died, plaintiff argues she and her children are entitled to workmen’s compensation benefits.
We agree with the trial court that the death certificate and verdict, although admissible to show the fact of death, were not admissible for the purpose of establishing the physiological or pharmacological causes of death. If Mississippi evidentiary law were applicable (as appellant argues), Miss.Code 41-57-9 would admit a death certificate as prima facie evidence “of the facts therein stated” (emphasis added). However, (as in Louisiana, Franklin v. Old Colony Ins. Co., La.App. 4 Cir. 1963, 150 So.2d 892, writ refused, 244 La. 472, 152 So.2d 564) being evidence of facts such, perhaps, as “the prime physical cause of *934 death” does not make the certificate evidence of the correctness of opinions it states; Massachusetts Protective Assn. v. Crawford, 1924, 137 Miss. 876, 102 So. 171, 173. The opinion evidence is especially dubious in this death certificate because neither the coroner nor any member of his jury purports to be a physician.
We do not reject plaintiff’s underlying theory that benefits may be due for the death of an employee from the interaction (said possible by an expert pharmacist) of his normal medications with the alcoholic beverages he drinks while entertaining at a convention for his employer. However, presumably because she was not preparing for trial during her period of greatest grief, plaintiff did not then obtain and at trial did not present evidence, such as of the blood levels of the various drugs, from which experts might have proved her theory of the cause of death. Plaintiff does have the burden of proving her case and she was unable to do so. The best evidence is only that her husband was 38 years old and did drink at the convention (there is no evidence that he there took valium or librax, and the evidence is that he did so only occasionally). This evidence does not make it more probable than not that he died from the alcohol he drank while entertaining for his employer.
Affirmed.